Matter of Charles v Poole (2018 NY Slip Op 06185)





Matter of Charles v Poole


2018 NY Slip Op 06185


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


7136 159985/17

[*1]In re Cushaun Charles, et al., Petitioners,
v
Sheila Poole, etc., et al., Respondents.


Lansner & Kubitschek, New York (Carolyn A. Kubitschek of counsel), for petitioners.
Barbara D. Underwood, Attorney General, New York (Linda Fang of counsel), for respondents.



Determination of respondent New York State Office of Children and Family Services (OCFS), dated July 12, 2017, which affirmed the determination of respondent New York City Administration for Children's Services, after a hearing, that allegations of child maltreatment against petitioners were "indicated" and that the underlying acts were relevant or reasonably related to child care, employment, the adoption of a child, or the provision of foster care, unanimously annulled, on the law, without costs, the petition brought pursuant to CPLR article 78 granted, and the proceeding (transferred to this Court pursuant to CPLR 7803[4] by order of the Supreme Court, New York County [Erika M. Edwards, J.], entered January 19, 2018) remitted to respondents to amend the child maltreatment report from "indicated" to "unfounded" and to seal the report.
OCFS's determination that child maltreatment by petitioners was "indicated" is not supported by substantial evidence (see Matter of Nelke v Department of Motor Vehs. of the State of N.Y., 79 AD3d 433 [1st Dept 2010]; see also Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). Petitioners were in compliance with the recommendations of the child's pediatrician during the period in question, and there is no evidence that their failure to seek regular visits with a hematologist or to administer a daily dose of penicillin to the child as a prophylaxis either impaired or risked imminently impairing the child's physical condition (see generally Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Medical records show that the child's hospitalizations in 2014 and a year later in 2015 were the result of a viral infection, which would not have been prevented by his seeing a hematologist regularly or taking penicillin, an antibiotic. After the 2015 hospitalization, the child's treating physician ratified a course of treatment that did not include a daily antibiotic. Further, petitioners' decision not to further vaccinate the child did not violate the pediatrician's directive (see Matter of Hofbauer, 47 NY2d 648, 655-656 [1979]).
Petitioners' request for fees and costs under CPLR 8601(a) is denied without prejudice to seeking recovery following remittitur in accordance with the procedures set forth in CPLR 8601(b).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK